IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOHN RICHARD PERULLO, | ) | Case No. 25-30909-CGB |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| KRUGER PACKAGING, L.P., , | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 25-03018-CGB |
| | ) | |
| JOHN RICHARD PERULLO, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT JOHN RICHARD PERULLO's
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT OBJECTING TO ENTRY OF DISCHARGE UNDER 11 U.S.C. § 727(a) PURSUANT TO RULE 7012(b)

**TO THE HONORABLE CHRISTOPHER G. BRADLEY, UNITED STATES BANKRUPTCY JUDGE:**

Comes now *John Richard Perullo* ("*Perullo*", "*Debtor*", or "*Defendant*"), through his attorneys of record *Carlos A. Miranda, Esq.* of *Miranda & Maldonado, P.C.*, and files his *Motion to Dismiss Plaintiff's Complaint Objecting to Entry of Discharge Under 11 U.S.C. § 727(a) Pursuant to Fed. R. Civ. P. 12(b)(1) & (6)*, made applicable to this *Adversary Proceeding* by Fed. R. Bankr. P. 7012(b) (the "*Motion*"), and would show the Court as follows:

### I. Factual & Procedural Background

1.     The deadline by which to file objections to *Discharge* in this Chapter 7 case (with primarily business debt) was **October 24, 2025**.

2. On **October 24, 2025**, Plaintiff *Kruger Packaging, L.P.* ("*Kruger*") filed its *Complaint Objecting to Entry of Discharge Pursuant to 11 U.S.C. § 727(a)* (the "*Complaint*").

3. *Kruger's* objection to *Perullo's Discharge* is based on § 727(a)(a), challenging payments that *Perullo* made to support his estranged wife and children living in *Massachusetts* while separated and living apart from them since **2021**.

4. The validity of *Kruger's* grounds for objecting to *Discharge* because *Perullo* supported his estranged wife and four children will be addressed in his *Original Answer* being filed subject to this *Motion to Dismiss*.

*Basis of Rule 7012(b) Motion to Dismiss*

5. As referenced, *Kruger's Objection* was filed on **October 24, 2025** at **9:07 p.m.** in the principal Chapter 7 case.

6. After filing the *Complaint* in the Chapter 7 case, Kruger did not create, commence, or otherwise open an *Adversary Proceeding* on **October 24, 2025**.

7. On **October 27, 2025** *Kruger* created and commenced an *Adversary Proceeding* after being informed by the *Bankruptcy Clerk* of the necessity to do so.

8. Thus, *Kruger's* failure to create an *Adversary Proceeding* by the **October 24, 2025,** deadline renders the *Complaint* untimely, procedurally improper, and time-barred subject to dismissal.

## II. <u>Argument</u>

*Objections to Discharge Must Be Filed by Deadline*

9. As the Court knows, the deadline in a Chapter 7 case for filing a complaint challenging discharge is governed by <u>Federal Rule of Bankruptcy Procedure</u> **4004(a)**. It requires complaints to

be filed no later than 60 days after the first date set for the § 341(a) meeting of creditors.[1] If the deadline for filing the complaint was **October 24, 2025**, then it must have been properly filed by that date to be considered timely.

*Objections to Discharge Must Be Filed as An Adversary Proceeding*

10. The complaint objecting to discharge must be filed as an adversary proceeding, which includes the payment of a filing fee (which was paid by *Kruger*) and compliance with procedural requirements, including submission of an *Adversary Proceeding Cover Sheet* which was not submitted by *Kruger* until **October 27, 2025** when the actual adversary proceeding was commenced, three days after the **Rule 4004(a)** deadline passed.

*Late Filing Did Not Result from Bankruptcy Clerk's Error*

11. The late filing did not result from the *Bankruptcy Clerk's* error, but rather from *Kruger's* failure to comply with the Bankruptcy Rules and filing procedures.

*The October 24 Filing Did Not Commence a Proper Adversary Proceeding*

12. Thus, it is *Perullo's* position that filing the *Complaint* in the main bankruptcy case, without opening a new adversary matter and without submitting an *Adversary Proceeding Cover Sheet*, did not commence an adversary proceeding under the Rules.

*No "Relation Back" under Rule 7015 (Fed. R. Civ. P. 15(c))*

13. Relation back is available only for amendments within the same proceeding.[2] The general Chapter 7 case and the adversary proceeding are not the same proceeding. The **October 27, 2025**

---

[1] **Rule 4004. Granting or Denying a Discharge**

    (a) Time to Object to a Discharge; Notice.

        (1) Chapter 7. In a Chapter 7 case, a complaint—or a motion under §727(a)(8) or (9) — objecting to a discharge must be filed within 60 days after the first date set for the §341(a) meeting of creditors.

[2] Rule 15 of the Federal Rules of Civil Procedure made applicable to bankruptcy proceedings under Rule 7015 of the Federal Rules of Bankruptcy Procedure provides -

John Perullo/Kruger Packaging - *Motion to Dismiss Adversary Complaint* - Page 3

filing was not an "amendment" to a pending *Complaint* — it was the commencement of an adversary proceeding. Because the **October 24, 2025** document was filed in a different docket (the main case), there is no procedural *nexus* permitting relation back.

*Relation Back by Functional Equivalence*

14. The subsequent *Complaint* in the *Adversary Proceeding* was not merely a "ministerial correction" of the earlier misfiling. *See* **Fed. R. Civ. P. 15(c)** (via **Rule 7015**). Relation back by functional equivalence is a strained interpretation - relation back presupposes that the earlier filing validly commenced an action — which the **October 24** filing did not.

## IV. Relief Requested

15. It is *Perullo's* position that the **October 24** filing in the main case did not commence an adversary proceeding under **Rules 7001** and **7003**, and the **October 27, 2025** filing came after the **Rule 4004(a)** deadline. Because this resulted entirely from *Kruger's* failure to follow the Rules and local procedures—not from any Clerk error or court misdirection—equitable doctrines such

---

(c) Relation Back of Amendments.

(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

as relation back do not apply. Accordingly, *Perullo* seeks dismissal of the *Adversary Complaint* with prejudice as untimely.

WHEREFORE, PREMISES CONSIDERED, *John Perullo, Defendant* herein, respectfully requests that this Court deny the relief requested in the *Complaint* in its entirety, as well as award such further relief as applicable.

Respectfully submitted,

**MIRANDA & MALDONADO, P.C.**

/s/ Carlos A. Miranda, Esq.
Carlos A. Miranda, Esq.
Carlos G. Maldonado, Esq.
5915 Silver Springs, Bldg. 7
El Paso, Texas 79912
(915) 587-5000 (Telephone)
(915) 587-5001 (Facsimile)
cmiranda@eptxlawyers.com
cmaldonado@eptxlawyers.com

Attorney for *John Richard Perullo*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Motion to Dismiss* was electronically served upon all parties and counsel of record via the Court's electronic filing system on this 18th day of November 2025.

**Plaintiffs Counsel**
David Wills
1717 Main, Suite 2800
Dallas, Texas 75201

/s/ Carlos A. Miranda
Carlos A. Miranda, Esq.
Attorney for *John Richard Perullo*