**Dated: March 27, 2026.**

_Christopher G. Bradley_
_____
**CHRISTOPHER G. BRADLEY**
**UNITED STATES BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| In re: | § | **Case No.25-30909-CGB** |
| | § | |
| **JOHN RICHARD PERULLO,** | § | |
| | § | |
| Debtor. | § | **Chapter 7** |
| | § | |
| **KRUGER PACKAGING, L.P.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Adv. No. 25-03018-CGB** |
| **JOHN RICHARD PERULLO,** | § | |
| | § | |
| Defendant. | § | |
| | § | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS [ECF No. 5]

### Introduction

In this order, the Court considers whether an objection to discharge timely filed in the main bankruptcy case (and not as a separate adversary proceeding) satisfies the timeliness requirement under Federal Rule of Bankruptcy

1

Procedure 4004(a). After a review of applicable rules of procedure and case law, the Court concludes that this objection to discharge was timely filed and accordingly denies the defendant's motion to dismiss.

## Background

On July 17, 2025, John Richard Perullo ("Mr. Perullo") filed his *Voluntary Petition under Chapter 7* in this Court, commencing his individual bankruptcy case.[1] The § 341(a) meeting of creditors was set for August 25, 2025.[2] The deadline to object to discharge, then, was set for October 24, 2025.[3]

On October 24, 2025, Kruger Packaging, L.P. ("Kruger") filed a *Complaint Objecting to Entry of Discharge* on the docket of the main bankruptcy case.[4] The parties agree that Kruger discussed this procedure with the Bankruptcy Clerk's office on the next business day, October 27, 2025, and subsequently commenced the instant adversary proceeding that same day.[5] Kruger's complaint alleges that Mr. Perullo should be denied the discharge of all of his debts under 11 U.S.C. § 727(a)(2).[6]

Mr. Perullo filed a *Motion to Dismiss Plaintiff's Complaint Objecting to Entry of Discharge Under 11 U.S.C. § 727(a) Pursuant to Rule 7012(b)*[7] (the "Motion to Dismiss") [ECF No. 5], arguing that Kruger's objection to discharge is time-barred because Kruger's filing of the adversary proceeding does not relate back to the complaint filed timely, albeit erroneously on the docket in the main bankruptcy case. Somewhat ironically—given his own argument—Mr. Perullo initially filed his motion to dismiss in the main case docket and not that of the adversary proceeding.[8] Kruger filed a *Response to Motion to Dismiss* (its "Response") [ECF No. 10], arguing that the plain meaning of the statute only requires the dischargeability

---

[1] *In re John Richard Perullo*, No. 25-30909-CGB.

[2] *In re John Richard Perullo*, No. 25-30909-CGB, ECF No. 4 at 2. The *Notice of Chapter 7 Bankruptcy Case* says, "The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines." *Id.*

[3] *Id.*; *see* Fed. R. Bankr. P. 4004(a)(1).

[4] *In re John Richard Perullo*, No. 25-30909-CGB, ECF No. 11.

[5] Def.'s Mot. to Dismiss at 2; Pl.'s Resp. to Mot. to Dismiss at 3.

[6] Pl.'s Compl. at 5.

[7] Federal Rule of Bankruptcy Procedure 7012(b) discusses the applicability of Federal Rule of Civil Procedure 12(b)–(i) to an adversary proceeding. Mr. Perullo's motion to dismiss specifies that it is brought under Fed. R. Civ. P. 12(b)(1) and (b)(6). Def.'s Mot. To Dismiss at 1.

[8] *See In re John Richard Perullo*, No. 25-30909-CGB, ECF No. 13.

complaint to be filed by the deadline, that Kruger substantially complied with its statutory requirements, that the relation back doctrine applies, and (alternatively) that the original filing can be construed as a motion for extension.

## Analysis

### A. Legal Standards

Bankruptcy Rule 4004(a)(1) provides that "[i]n a Chapter 7 case, a complaint–or a motion under § 727(a)(8) or (9)–objecting to a discharge must be filed within 60 days after the first date set for the § 341(a) meeting of creditors."

Mr. Perullo brings this motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), made applicable to this adversary proceeding through Federal Rule of Bankruptcy Procedure 7012(b).[9] A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction over a case.[10] A Rule 12(b)(6) motion asks the court to dismiss a claim for "failure to state a claim upon which relief can be granted."[11]

### B. Timeliness under Bankruptcy Rule 4004(a) is not a matter of subject matter jurisdiction.

The Court first considers the Defendant's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).[12] The Supreme Court addressed this exact issue in *Kontrick v. Ryan*, holding that "the filing deadlines prescribed in Bankruptcy Rules 4004 and 9006(b)(3) are claim-processing rules that do not delineate what cases bankruptcy courts are competent to adjudicate."[13] Indeed, "[t]hese rules must not be construed to extend or limit the courts' jurisdiction or the venue of any matters."[14] This Court's subject matter jurisdiction over this action is not predicated

---

[9] Def.'s Mot. To Dismiss at 1.
[10] *See* Fed. R. Civ. P. 12(b)(1).
[11] *See* Fed. R. Civ. P. 12(b)(6).
[12] "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasedena*, 561 F.2d 606, 608 (5th Cir. 1977)).
[13] *Kontrick v. Ryan*, 540 U.S. 443, 453 (2004).
[14] Fed. R. of Bankr. P. 9030; *see also Kontrick*, 540 U.S. at 453 ("The provision conferring jurisdiction over objections to discharge, however, contains no timeliness condition."); *Langston*

3

on its timeliness under Bankruptcy Rule 4004(a). Therefore, Defendant's 12(b)(1) motion is denied.

### C. The Court has both jurisdiction and authority to decide this case.

Objections to discharge are core proceedings over which this Court has jurisdiction under 28 U.S.C. § 157.[15] This matter has been referred to this Court pursuant to the District Court's Standing Order of Reference.[16] All parties filed statements consenting to the Court's authority to enter a final judgment in this adversary proceeding.[17] Therefore, this Court has both jurisdiction and authority to decide this case.

### D. This timeliness objection was not properly raised in a 12(b)(6) motion due to the potential for equitable tolling.

Mr. Perullo's Motion to Dismiss also purports to be made under Federal Rule of Civil Procedure 12(b)(6).[18] When evaluating a motion to dismiss under Rule 12(b)(6), the Court is to consider the complaint in its entirety, and also "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[19] A complaint must contain "only enough facts to state a claim to relief that is plausible on its face."[20] While a 12(b)(6) motion may properly raise a timeliness issue at the pleadings stage, dismissal under 12(b)(6) is only appropriate if "the allegations of the Complaint, as they appear on its face" show that the claim is barred by timeliness constraints.[21]

---

*v. Dall. Commodity Co. (In re Langston)*, 159 F.4th 346, 354 (5th Cir. 2025) (quoting *In re Serta Simmons Bedding, L.L.C.*, 125 F.4th 555, 575 (5th Cir. 2024)). *Cf. Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 370 (1978) ("[I]t is axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction." (citing Fed. R. Civ. P. 82)).

[15] 28 U.S.C. § 157(b)(1); *see also* 28 U.S.C. § 1334.

[16] Order of Reference of Bankruptcy Cases and Proceedings (W.D. Tex. Oct. 4, 2013).

[17] ECF Nos. 8, 11.

[18] Def.'s Mot. To Dismiss at 1.

[19] *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 555 U.S. 308, 322 (2007)).

[20] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[21] *See Reed v. Carecentric Nat'l, LLC (In re Soporex, Inc.)*, 446 B.R. 750, 771, 774 (Bankr. N.D. Tex. 2011) (first citing *Jones v. Alcoa, Inc.*, 339 F.3d 359 (5th Cir. 2003), and then citing *Jones v. Bock*, 549 U.S. 199 (2007)) (discussing the affirmative defense of statute of limitations at the 12(b)(6) stage; *see also Frame v. City of Arlington*, 657 F.3d 215, 239–40 (5th Cir. 2011) ("Under federal pleading requirements, which we follow, a plaintiff is not required to allege that his claims

4

The Supreme Court in *Kontrick* declined to decide whether a timeliness objection under Bankruptcy Rule 4004(a) would equate to "failure to state a claim upon which relief can be granted."[22] However, "[t]he time limits set forth in the Bankruptcy Rules are subject to equitable defenses."[23] Equitable defenses to the Rule 4004(a) time limit typically only include court-caused problems, such as an incorrect notice of the deadline or technical issues.[24] Here, because Rule 4004(a) has the potential for equitable defenses, and because a plaintiff is not required to "anticipate and overcome affirmative defenses" in its complaint, the Court cannot determine on the face of the complaint that the timeliness requirement was not subject to tolling, and the 12(b)(6) motion to dismiss is accordingly denied.[25]

### E. The Rule 4004(a)(1) time limit is in the nature of a statute of limitations and should have been brought as an affirmative defense in Mr. Perullo's answer, but the Court nonetheless considers this motion at this procedural posture.

Federal Rule of Civil Procedure 8(c) is made applicable to this case by Federal Rule of Bankruptcy Procedure 7008. It requires a party to affirmatively state any

---

were filed within the applicable statute of limitations. To be sure, a complaint may be subject to dismissal if its allegations affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations and fail to raise some basis for tolling." (footnotes omitted)).

[22] *Kontrick*, 540 U.S. at 459. The United States Bankruptcy Court for the Eastern District of Texas has stated that an untimely discharge complaint may be dismissed under Rule 12(b)(6). *MMWKM Advisors, LLC v. Dowdall (In re Dowdall)*, No. 25-04025, 2025 WL 1823666, at *2 (Bankr. E.D. Tex. July 2, 2025). However, the circumstances of *Dowdall* may be distinguishable from this case, and from many of the other cases discussing Rule 4004(a)(1), because the plaintiff in *Dowdall* simply filed the complaint late, with no potential for argument that the debtor was on notice of its claims. *See id.* Indeed, the *Dowdall* court refers to the potential for the Rule 4004(a) time limit being raised as an affirmative defense. *Id.* at *2–3 (quoting *In re Alhuneidi*, 632 B.R. 737, 740–41 (Bankr. E.D. Tex. 2021), which quotes *Kontrick*, 540 U.S. at 456).

[23] *Langston*, 159 F.4th at 354 (collecting cases).

[24] *See, e.g.*, *Yaquinto v. Ward (In re Ward)*, 978 F.3d 298, 303–305 (5th Cir. 2020) (collecting cases); *Themy v. Yu (In re Themy)*, 6 F.3d 688, 690 (10th Cir. 1993) (collecting cases); *Anwiler v. Patchett (In re Anwiler)*, 958 F.2d 925, 927–29 (9th Cir. 1992); *Moss v. Block (In re Moss)*, 289 F.3d 540, 541–42 (8th Cir. 2002); *Tiffany & O'Shea, LLC v. Schrag (In re Schrag)*, 464 B.R. 909, 917–18 (D. Or. 2011).

[25] *See McHenry Sav. Bank v. Paulsen (In re Paulsen)*, No, 20-96006, 2020 WL 6929478, at *3 (Bankr. N.D. Ill. Sept. 1, 2020) (quoting *Sidney Hillman Health Ctr. v. Abbott Labs, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015)); *see also Paulsen*, 2020 WL 6929478 at *2 ("That equitable exceptions to Rule 4004 rely on specific facts highlights why the issue is not appropriate for a motion brought under Rule 12(b)(6).").

affirmative defense in its response to a hearing, including the "statute of limitations." [26] "The timeliness of a dischargeability complaint presents an affirmative defense that must be raised in an answer or responsive pleading."[27] Regardless, as this issue is before the Court and has not been waived, the Court will nonetheless consider the timeliness argument.

### F. Although the objection to discharge was filed in the main case, it was timely filed under Rule 4004(a)(1).

While neither Rule 12(b)(1) nor Rule 12(b)(6) were proper procedural vehicles to bring this motion, the Court nonetheless considers Mr. Perullo's argument under Bankruptcy Rule 4004(a) itself. The deadline to object to discharge has been characterized as "set in stone."[28] Under the Bankruptcy Rules, a court explicitly may extend the deadline "*only* as permitted by" Bankruptcy Rule 4004(a).[29] However, as discussed above, courts have applied equitable tolling to this deadline in several different circumstances.

Here, Kruger asserts that the objection to discharge was timely filed under the plain text of Rule 4004(a)(1) ("a complaint . . . objecting to a discharge must be filed within 60 days"), which does not specify that the complaint must be filed on a new adversary docket rather than in the main case. Kruger points the Court to a myriad of cases supporting this principle.[30] Mr. Perullo, in contrast, neither cites case law in

---

[26] Fed. R. Civ. P. 8(c).

[27] *Schunck v. Santos (In re Santos)*, 112 B.R. 1001, 1008 (B.A.P. 9th Cir. 1990) (first citing *Clyde Sav. Bank Co. v. Kleinoeder (In re Kleinoeder)*, 54 B.R. 33, 34–35 (Bankr. N.D. Ohio 1985), and then citing Fed. R. Civ. P. 8(c)); *see also Formado, Inc. v. Ortiz Franco (In re Ortiz Franco)*, 610 B.R. 163, 171 (Bankr. D.P.R. 2019)

[28] *Louviere v. Thompson (In re. Thompson)*, 572 B.R. 638, 640 (Bankr. S.D. Tex. 2017) (quoting *Herman v. Bateman (In re Bateman)*, 254 B.R. 866, 878 (Bankr. D. Md. 2000)).

[29] Fed. R. Bankr. P. 9006(b)(3)(A) (emphasis added).

[30] Pl.'s Resp. to Mot. to Dismiss at 4, 7. The cases cited by Kruger, all of which either directly or indirectly support its argument, include *In re Sherf*, 135 B.R. 810, 814 (Bankr. S.D. Tex. 1991) (holding that an untimely adversary proceeding related back to the timely filing of a complaint in the main case because the main case filing was "sufficient to insure timely notice to the [debtors] of the fact that the creditors objected to the discharge and the basis on which the objection was made"); *Tucker v. Palmer (In re Palmer)*, No. 3:24-BK-04492, 2025 WL 2857086, at *2 (Bankr. M.D. Tenn. Oct. 8, 2025) ("While the Court may dismiss an adversary proceeding for failing to pay the fee on the filing date, it is not required to do so. A remedy of dismissal is far too harsh."); *GLS Supply, LLC v. Caldwell (In re Caldwell)*, No. 07-00048, 2007 WL 1702610, at *3 (Bankr. N.D. Ala. June 8, 2007) ("[T]he Court finds that the filing of the Complaint relates back to the

6

support of his arguments nor distinguishes available cases on this issue.[31] Mr. Perullo's argument is essentially that the filing in the main bankruptcy case was improper and therefore, the adversary filing is unable to "relate back" to the timely-filed objection in the main case.[32]

The Court agrees with Kruger and the case law on this issue. The *Sherf* case out of the Southern District of Texas, for example, is directly on point.[33] In *Sherf*, creditors timely filed a complaint objecting to discharge in the main bankruptcy

---

filing date of the original complaint in the main bankruptcy case and, accordingly, was timely filed."); *Barrazo v. Carter (In re Carter)*, 516 B.R. 638, 643 (Bankr. D.N.M. 2014) (applying the *Sherf* court's reasoning, an adversary proceeding "improperly filed as an objection in the main case" put defendants on notice of the objection to dischargeability); *Dominguez v. Miller (In re Dominguez)*, 51 F.3d 1502, 1509 (9th Cir. 1995) (a deficient pleading was "sufficient to place the debtor on notice of the claim against him"); *Evans v. Pace (In re Pace)*, 130 B.R. 338, 339–40 (Bankr. N.D. Fla. 1991) (document captioned "objection" rather than "complaint" was sufficient); *In re Rutherford*, 427 B.R. 656, 662 (Bankr. S.D. Ohio 2010) (declining to deem a complaint unfiled due to the failure to pay the filing fee); *Greensward, Inc. v. Cietek (In re Cietek)*, 390 B.R. 773, 777 (Bankr. N.D.N.Y. 2008) ("The Court will not penalize the Plaintiff for filing the Complaint in the wrong place.); *Hildreth v. Dunaway (In re Dunaway)*, 346 B.R. 449, 452–54 (Bankr. N.D. Ohio 2006) (discussing the development of the e-filing system, the role of local rules, and concluding that the procedural deficiency of filing the complaint in the main case does not render it ineffective); *Maroski v. Futrell (In re Futrell)*, 69 B.R. 378, 380–81 (Bankr. W.D. La. 1987) ("There does not appear to be any provision in the Code or in the Bankruptcy Rules that (absent notice and an opportunity to cure) failure to pay the adversary filing fee or to include an adversary cover sheet would be fatal to the complaint."); *City Bank & Trust Co. v. King (In re King)*, 35 B.R. 471, 474–75 (Bankr. N.D. Ill. 1983) (mistitled complaint not dismissed); *Popa v. Calinoiu (In re Calinoiu)*, 431 B.R. 121, 123–25 (Bankr. W.D. Pa. 2010) (finding no prejudice to the debtor where an untimely adversary proceeding was filed after a timely (but incorrectly) filed contested matter). The Court was also able to find many other cases, including, for example, *In re Little*, 220 B.R. 13, 17 (Bankr. D. N. J. 1998) ("[T]he court finds that it would be inequitable and unjust to dismiss at the outset what may be a meritorious objection simply because it is stylistically imperfect."); *Union Planters Bank of Cent. Ark., N.A. v. Jagitsch (In re Jagitsch)*, 201 B.R. 961, 963 (Bankr. E.D. Ark. 1996) (finding that a complaint incorrectly describing the action as an objection to discharge when it was actually objecting to the dischargeability of a debt put defendants "on notice of the specific nature of the action and the facts upon which that cause is based"); *Pfeiffer v. Rand (In re Rand)*, 144 B.R. 253, 255–56 (Bankr. S.D.N.Y. 1992) (pro se creditor's letter to the court construed as a complaint objecting to dischargeability); *First Fin. Bank, NA v. Forsythe (In re Forsythe)*, No. 05-3092, 2005 WL 4041162 at *3 (Bankr. S.D. Ohio May 24, 2005) (distinguishing an incorrectly filed complaint "from cases where there is a complete failure to comply with a local rule or other governing law").

[31] *See generally* Def.'s Mot. to Dismiss.

[32] *Id.* at 2–5.

[33] 135 B.R. 810 (Bankr. S.D. Tex. 1991).

7

case.[34] The complaint was timely served on the debtor.[35] After the deadline to object to discharge passed, "the creditors' attorney received a telephone call from the bankruptcy clerk's office and was informed that the complaint was improperly filed, because it had not been filed under a separate cause number as an adversary proceeding and because no filing fee was paid."[36] The *Sherf* court held that "the original complaint objecting to discharge was timely filed well within the deadline established under Bankruptcy Rule 4004(a), even though no filing fee and cause number accompanied the complaint."[37]

Here, like in *Sherf*, Kruger's complaint was timely filed in the main bankruptcy case on Friday, October 24, 2025, the deadline to object to discharge. The complaint was timely served on the debtor.[38] Unlike the creditors in *Sherf*, here, the docket reflects that Kruger paid a $350 filing fee when filing the complaint in the main bankruptcy case.[39] It is undisputed that the bankruptcy clerk's office contacted Kruger on Monday, October 27, 2025, the next business day, to inform it that the objection to discharge needed to be filed as an adversary proceeding. Kruger filed the adversary proceeding that same day.

Like the debtor in *Sherf*, Mr. Perullo was properly placed on notice of Kruger's objection to discharge by the timely filing in the main bankruptcy case. And like *Sherf*, and many other cases—which have, again, not been distinguished or controverted by Mr. Perullo—the complaint was timely filed even though it did not have a separate cause number as an adversary proceeding.[40] And under the plain text of the rule, a *complaint* was indeed *filed* by the deadline.[41] Therefore, the Court denies Mr. Perullo's motion to dismiss on Rule 4004(a)(1) timeliness grounds.

---

[34] *Id.* at 811–12.

[35] *Id.* at 811–12. The creditors in *Sherf* also erroneously, but timely, filed an objection prior to filing the complaint. This objection was also timely served on the debtor. *Id.* at 811. The *Sherf* court considered both filings in determining that the debtor was on notice of the objection to discharge and the grounds for objecting. *See id.* at 814.

[36] *Id.* at 812.

[37] *Id.* at 816.

[38] *See In re John Richard Perullo*, No. 25-30909-CGB, ECF No. 11 at 7 ("The undersigned counsel hereby certifies that a true and correct copy of the foregoing was served on counsel of record on October 24, 2025, via the Court's electronic filing system.").

[39] The docket in the main case shows that this filing fee was later refunded, and Kruger paid the filing fee associated with filing the adversary proceeding.

[40] *See generally Sherf*, 135 B.R. at 815–16 (collecting cases).

[41] *See* Fed. R. Bankr. P. 4004(a)(1).

8

### G. Conclusion

Because the Supreme Court held that timeliness under Rule 4004(a) is not a matter of subject matter jurisdiction, Mr. Perullo's Rule 12(b)(1) motion is denied. Because timeliness under Rule 4004(a)(1) is subject to equitable tolling which cannot be determined from the face of the pleadings, Mr. Perullo's Rule 12(b)(6) motion is also denied. And because the applicable case law and plain text of Rule 4004(a)(1) support the premise that a timely filed objection to discharge in a main bankruptcy case satisfies the timeliness requirement, Mr. Perullo's motion to dismiss on this ground is also denied.

Accordingly, it is so ordered that *Defendant John Richard Perullo's Motion to Dismiss Plaintiff's Complaint Objecting to Entry of Discharge Under 11 U.S.C. § 727(a) Pursuant to Rule 7012(b)* is, in all respects, **DENIED**.

# # #

9