**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **IN RE** | § | |
| | § | |
| **JOHN RICHARD PERULLO,** | § | **CASE NO. 3:25bk30909** |
| | § | **CHAPTER 7** |
| **DEBTOR.** | § | |

| | | |
|---|---|---|
| **KRUGER PACKAGING, LP,** | § | |
| | § | |
| ***Plaintiff,*** | § | **ADVERSARY PROCEEDING** |
| | § | |
| **V.** | § | **CASE NO. 25-03018-cgb** |
| | § | |
| **JOHN RICHARD PERULLO,** | § | **Judge: Christopher G Bradley** |
| | § | |
| ***Defendant.*** | § | |

## K&L GATES LLP'S RESPONSE TO ORDER TO SHOW CAUSE

K&L Gates LLP ("K&L Gates"), counsel for Plaintiff Kruger Packaging, LP ("Kruger" or "Plaintiff"), respectfully submits this written response (the "Response") to the Court's Order to Show Cause [Dkt. # 33] (the "Show Cause Order") in advance of the hearing scheduled for November 18, 2026. David Wills, counsel of record in this case, and Brian Peterson, a bankruptcy partner who is supervising Mr. Wills on this case (collectively, "Counsel") – along with a partner from K&L Gates's Dallas office – will be present in Austin for the hearing.

## PRELIMINARY STATEMENT

Counsel involved in this matter take very seriously both their obligations to this Court and the concerns identified in the Show Cause Order. The commitment is reflected in their records. Attorney Wills has been licensed in Texas for nearly five years and, until now, he has never been the subject of a Show Cause Order or any disciplinary proceedings. Attorney Peterson completed a judicial clerkship for a Bankruptcy Judge and since has practiced law for more than 15 years at

K&L Gates, with a focus on bankruptcy and insolvency matters, and likewise, until now, has never been the subject of a Show Cause Order or any disciplinary proceedings.

Having reviewed the two passages identified by the Court in their complete context, Counsel acknowledge that they should not have been presented in the manner they were. The first quotation omitted qualifying testimony that should have been included or explained. The second attributed to the Debtor language that appeared in Attorney Wills's questions rather than in the Debtor's answers. Counsel regret those errors and apologizes to the Court for them.

The errors, however, were not knowing or deliberate misrepresentations. The passages were added during final revisions of the Reply in Support of Summary Judgment [Dkt. # 13] (the "Reply") to provide additional support for arguments already advanced in the summary judgment briefing and were not subjected to the contextual review they should have received. Supervising counsel reviewed the final brief but did not appreciate the significance of the additions. At the time, Attorney Wills did not appreciate that the deponent's qualification of the first passage materially qualified the portion of that passage that Attorney Wills quoted in the Reply. Attorney Wills similarly did not appreciate at the time the material difference between the text quoted from the question in the second passage and the relevant testimony by the deponent.

Several circumstances bear directly on the issues raised by the Court in the Show Cause Order. Counsel had already filed the relevant portions of the transcript of the deposition of John Perullo ("Debtor"), including the testimony supplying the context the Court found missing from the Reply. Although filing the transcript does not excuse how the quotations were presented, Counsel placed before the Court the very material revealing the deficiencies in those quotations. That is inconsistent with any effort to conceal or knowingly misrepresent the Debtor's testimony.

Moreover, neither passage was necessary to Plaintiff's summary judgment position. Before the Reply was filed, Counsel had cited other testimony and circumstantial evidence supporting the contention that Debtor's transfers were made with the intent to hinder, delay, or defraud Plaintiff. The Motion for Summary Judgment [Dkt. # 23] (the "Motion") cited the second of the two

passages identified in the Show Cause Order, but did not rely upon either passage, and both the Motion and the Reply cited other evidence supporting the same position.

Counsel do not offer these circumstances to defend how the quotations were presented or to ask the Court to reconsider its assessment of them. They instead bear on whether the errors constitute the knowing misconduct prohibited by Texas Disciplinary Rule 3.03, whether sanctions are warranted under Bankruptcy Rule 9011, and whether any sanction is necessary to deter future conduct. Respectfully, sanctions are not warranted here.

The Court has additionally asked Counsel whether "generative AI tools were responsible in some part for the issues described above." They were not. The passages at issue were added to the Reply brief manually, without involvement of any generative AI tools, while the brief was being reviewed and the deposition transcripts were being manually checked for accuracy. In the interest of disclosure, and in response to the Court's question whether such tools "were in fact relied upon in preparing the Plaintiff's briefing on summary judgment," Counsel states that AI review tools were used before the passages were inserted into the Reply. K&L Gates permits the responsible use of generative AI tools, and it describes its safeguards below, while noting that Counsel did not use such tools to draft the passages at issue here.

## BACKGROUND

1. Plaintiff is represented in this matter by counsel of record Mr. Wills, a commercial disputes lawyer resident in K&L Gates's Dallas office who has been licensed to practice in Texas since December 2021. Mr. Wills is being supervised by Brian Peterson, a bankruptcy and insolvency partner in K&L Gates's Seattle office who has been licensed in Washington State since November 2009. Messrs. Wills and Peterson both participated in the preparation of the Motion and Reply.

2. On July 20, 2026, Plaintiff filed its Motion. [Dkt. # 23]. The Motion contends that the Debtor made intentional fraudulent transfers to his spouse in the year prior to the bankruptcy filing with the intent to hinder, delay, or defraud Plaintiff. [Dkt. # 23]. In support, Counsel cited portions of the Debtor's testimony as well as multiple badges of fraud, including the nature and

timing of the transfers, the Debtor's relationship with the transferee, his financial condition, and the chronology of the transfers relative to Plaintiff's collection efforts and the bankruptcy filing. The Motion cited the second of the two passages subsequently identified in the Show Cause Order but did not rely upon either of the two deposition passages as an independent basis to grant summary judgment. [Dkt. # 23 at 13].

3. In support of the Motion, Counsel filed a Declaration of David Wills, which included the relevant deposition transcript excerpts as an exhibit. The Reply relied exclusively on summary judgment evidence that was before the Court. The complete testimony discussed in the Show Cause Order therefore was in the record submitted by Counsel.

4. The Debtor opposed summary judgment. Among other things, his brief acknowledged that "*Perullo* admitted that he prioritized support of his separated family over payment of Kruger's judgment when his resources were insufficient to satisfy every obligation[,]" while disputing that this established the intent required under § 727(a)(2). [Dkt. # 25 at 2] (italics in original).

5. Plaintiff filed its Reply on August 17, 2026. [Dkt. # 30]. During final revisions, two additional passages from Debtor's deposition were added. As the Court subsequently explained, the first passage should not have ended with the Debtor's statement "I'm not denying," because the remainder of his answer materially qualified that statement. The second passage should not have quoted language appearing in Mr. Wills' questions in a way that would appear to the Court as a quote of testimony spoken by the Debtor. Counsel accept those criticisms.

6. However, neither passage was fabricated, generated by artificial intelligence, or added with the purpose of misleading the Court. They resulted from an inadequate consideration and review of late revisions to the Reply. Counsel deeply regret that failure and recognize that the quotations should have been provided in their complete context before the brief was filed. Although the passages at issue did not result from the use of generative AI, Counsel and other attorneys working on this matter engaged in the use of generative AI in the overall briefing process. For instance, Legora was used during the document review and brief preparation process, but all

uses occurred before the passages at issue were incorporated into the Reply. When using generative AI tools, K&L Gates has robust policies relating to use of the tools, including training on the tools before an attorney is granted access to them. These trainings teach that generative AI may cause false citations, caselaw, or quotations and must be closely scrutinized. In particular, K&L Gates's policies require manual review of all caselaw and factual citations before a brief is filed. Both the Motion and Reply were manually reviewed for accuracy by attorneys before the briefs were filed with the Court.

## ARGUMENT

### I. The Record Does Not Support a Finding of Knowing Misconduct Under Texas Disciplinary Rule 3.03.

The conduct identified in the Show Cause Order does not support a finding that Counsel knowingly made a false statement to the Court or knowingly offered false evidence. Texas Disciplinary Rule of Professional Conduct 3.03(a)(1) provides that a lawyer shall not knowingly "make a false statement of material fact or law to a tribunal," while Rule 3.03(a)(5) prohibits offering or using evidence the lawyer "knows to be false." The Rules define "knowingly" as "actual knowledge of the fact in question," although knowledge may be inferred from the circumstances. Tex. Disciplinary R. Prof'l Conduct, Preamble Terminology.

That requirement matters here. Rule 3.03 does not impose discipline whenever a filing contains an inaccurate statement or misleading quotation. It requires knowledge. The circumstances surrounding the challenged passages do not establish that Counsel knowingly presented false evidence or deliberately attempted to mislead the Court. *See Comm'n for Law. Discipline v. Powell*, 689 S.W.3d 620, 631 (Tex. App. 2024) (Stating "the absence of evidence demonstrating that Powell knowingly made a false statement of material fact or knowingly offered or used false evidence is fatal to the Bar's claims", including the Bar's claim under DR 3.03(a)(1) and 3.03(a)(5)).

The two passages were taken from the Debtor's actual deposition and were added during final revisions to the Reply in an effort to provide additional support for an argument Plaintiff

already had made in its Motion for Summary Judgment. They were not fabricated, and no generative artificial-intelligence tool was used to create them. Most importantly, Counsel had previously submitted the relevant excerpts of the Debtor's deposition transcript to the Court. [Dkt. 24-3]. The full relevant[1] testimony, including the portions the Court concluded should have accompanied or qualified the challenged quotations, was therefore in the record because Counsel put it there.

Submitting the relevant portions of the transcript, including the surrounding testimony of the passages at issue, does not excuse the manner in which the passages were later presented in the Reply, and Counsel do not contend otherwise. But it is highly relevant to whether the errors were knowing. A deliberate effort to conceal or distort the Debtor's testimony is difficult to reconcile with Counsel simultaneously providing the Court the very source material that revealed the deficiencies in the quotations.

Nevertheless, Counsel recognize that the passages should have received a more careful contextual review before the Reply was filed. But an incorrect framing of the evidence, made without any bad faith, is not equivalent to knowingly making a false statement or knowingly presenting false evidence. Respectfully, because the circumstances do not establish the actual knowledge required by Rule 3.03, disciplinary sanctions or referral on that basis are not warranted. *See, e.g.*, *Comm'n for Law. Discipline v. Powell*, 689 S.W.3d 620, 631 (Tex. App. 2024); *Anderson v. Amazon.com, Inc.*, No. 23-CV-8347 (AS), 2025 WL 2780921, at *16 (S.D.N.Y. Sept. 30, 2025) (denying motion for sanctions pursuant to Fed. R. Civ. P. 11 where Court could not undeniably state that plaintiff and counsel acted in bad faith), *appeal dismissed*, No. 25-2804, 2026 WL 936814 (2d Cir. Mar. 2, 2026).[2]

---

[1] Counsel submitted as Dkt. # 24-3 the full relevant portions of the deposition transcript together with the Motion, including the passages that the Reply failed to quote with proper context. In addition, Debtor submitted the entire deposition transcript as Dkt. # 25-2 prior to Counsel's filing of the Reply.

[2] The Order to Show Case includes a definition of "candor" from *Wharton v. Superintendent Graterford SCI*, 95 F.4th 140, 149 (3d Cir. 2024), in which the court quotes from the *In re Taylor*, 655 F.3d 274 (3d Cir. 2011) decision. The Order to Show Cause also quotes from *Six v. Generations Fed. Credit Union*, 891 F.3d 508 (4th Cir. 2018). Counsel respectfully observes that *Taylor* and *Generations* are factually distinguishable cases. *See Taylor*, 655 F.3d 274, 283 (involving creditor's counsel who filed a proof of claim containing multiple errors; a motion for relief from stay that

## II. The Errors Do Not Warrant Sanctions Under Bankruptcy Rule 9011.

Bankruptcy Rule 9011 imposes a different standard. By presenting a filing to the Court, an attorney certifies that, "to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances," the factual contentions have evidentiary support. Fed. R. Bankr. P. 9011(b)(3). "In determining whether sanctions should be assessed, a court is not to judge an attorney's prefiling inquiry with the lens of 20/20 hindsight." *In re Gillig*, 807 F. Supp. 2d 604, 618 (N.D. Tex. 2011) (discussing standard for imposing Rule 11 sanctions). There, the court held that the attorneys "presented the pleadings for a proper purpose, with some evidentiary support, and after conducting an objectively reasonable prefiling inquiry" regardless of whether the attorney declarations were accurate. *In re Gillig*, 807 F. Supp. 2d 604, 623 (N.D. Tex. 2011). One court addressing a "manipulative order of presentation designed to downplay the pertinence of information" in the context of Rule 11 concluded that "[a]s long as the critical information is not absent altogether, lawyers may not be sanctioned for such misjudgments." *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1117 (9th Cir. 2001). There, the Ninth Circuit Court of Appeals reversed the lower court's imposition of sanctions, which it said should be imposed on lawyers "for their mode of advocacy only in the most egregious situations . . . ." *Id.* at 1115. The court, in reversing the district court's *sua sponte* sanctions order, concluded "that while Judge Baird had every reason to disapprove of the manner in which Counsel presented information to the district court concerning the appropriate assignment of the case, the Notice was in neither purpose nor substance 'akin to contempt.'" *Id.* at 1118.

Measured against that standard and the record as a whole, the circumstances do not warrant sanctions. This is not a case in which Counsel invented evidence or advanced a factual theory

---

inaccurately stated that the debtor failed to make regularly monthly mortgage payments; a response to a claim objection that contained an indisputably incorrect assertion, as well as counsel's conduct in court in connection with those pleadings); *Six v. Generations Fed. Credit Union*, 891 F.3d 508, 511 (referring to attorney conduct sanctioned as "many representations, obfuscations, and omissions that the district court determined manifested bad faith"). *Wharton* involved a case where the court imposed "mild sanctions" against prosecuting attorneys who conceded that the court should vacate a prisoner's death sentence. The court determined that the offending attorneys failed to comply with the court's instruction to investigate evidence against the prisoner; failed to disclose key facts; and falsely claimed they carefully reviewed the facts and the law when the court did not accept the concession and asked the parties to brief whether it could grant relief without an evidentiary hearing. *Wharton*, 95 F.4th at 143-45.

lacking any evidentiary foundation. Before the challenged Reply was filed, Plaintiff had already supported its position concerning the Debtor's intent with testimony and circumstantial evidence independent of the two passages subsequently identified by the Court. The relevant portions of the deposition transcript were made part of the record by Counsel and the entire transcript was before the Court at the time the Reply was filed.

Counsel do not contend that the existence of other supporting evidence cured the problems with the two quotations. Nor do they ask the Court to reconsider its conclusion that those passages, as presented, created a misleading impression of the testimony. The narrower point is important under Rule 9011: the deficiency concerned the manner in which two additional pieces of evidentiary support were characterized, rather than the assertion of a factual contention for which Counsel had conducted no investigation and possessed no evidentiary basis. That does not make the errors insignificant. The quotations should have been checked against the transcript by supervising counsel, and the context should have been clarified. Counsel accept responsibility for the failure to do so. But Rule 9011 does not make sanctions automatic whenever an attorney makes an error in presenting record evidence. The proper inquiry remains whether, considering the circumstances as a whole, the conduct warrants the exercise of the Court's sanctioning authority.

Here, the underlying factual position had been investigated and supported by other record evidence; the complete source material was supplied to the Court in the form of the filed deposition transcript; the challenged passages were cumulative rather than indispensable support for Plaintiff's position; and there is nothing to suggest—because it was not the case—that Counsel fabricated evidence or intentionally attempted to deceive the Court. Those circumstances weigh strongly against sanctions.

### III. Even If the Court Concludes That Rule 9011 Was Violated, No Sanction Is Necessary to Accomplish the Rule's Deterrent Purpose.

There is an independent reason to discharge the Show Cause Order without imposing sanctions. Even if the Court concludes that Counsels' review of the challenged passages fell below Rule 9011's objective standard, a finding of a violation does not compel a sanction.

Rule 9011(c)(1) provides that, after finding a violation, a court "may" impose an appropriate sanction. Fed. R. Bankr. P. 9011(c)(1). And the Rule expressly limits any sanction to what "suffices to deter repetition of the conduct or deter comparable conduct by others similarly situated." Fed. R. Bankr. P. 9011(c)(4)(A). The question therefore is not whether the Court may express its disapproval of what occurred. The Show Cause Order has already done so. The question is whether an additional sanction is necessary to accomplish the Rule's deterrent purpose. It is not.

Thus, as the text of Federal Rule of Bankruptcy Procedure 9011 and its counterpart Federal Rule of Civil Procedure 11 recognize, "[e]ven where a court finds that Rule 11 had been violated, 'the decision whether or not to impose sanctions is a matter for the court's discretion.'" *Kumaran v. Northland Energy Trading LLC*, 762 F. Supp. 3d 322, 336 (S.D.N.Y. 2025) (quoting *Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004); citing *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012)). Any sanction "should be tailored to fit the particular wrong," and the trial court "'should carefully choose sanctions that foster the appropriate purpose of the rule, depending on the parties, the violation, and the nature of the case.'" *Topalian v. Ehrman*, 3 F.3d 931, 936 (5th Cir. 1991) (quoting *Thomas v. Capital Sec. Servs.*, 836 F.2d 866, 877 (5th Cir. 1988) (en banc)). The court "must consider whether the sanction imposed is the least severe sanction adequate to achieve the purpose of Rule 11," including to "deter [the attorney] from such conduct in the future." *Seawright v. Charter Furniture Rental, Inc.*, 39 F. Supp. 2d 795, 808 (N.D. Tex. 1999).

The Show Cause Order has already served a strong deterrent purpose. Upon receiving the Order, K&L Gates undertook an internal review of how the challenged passages entered the Reply, involved senior lawyers in addressing the Court's concerns, and took steps to reinforce the

requirement that quotations from deposition testimony be reviewed against the source material, placed in proper context, and presented appropriately before filing. The attorneys involved understand both what went wrong and why the Court regards it as serious.

The professional histories of both Counsel further demonstrate that no additional sanction is necessary for deterrence. Neither has, until now, ever been the subject of a show cause order or involved in any disciplinary proceeding. Against that record, there is no basis to conclude that the conduct identified here reflects a recurring problem or that a monetary or disciplinary sanction is necessary to prevent repetition.

The nature of the conduct points in the same direction. The source testimony was genuine, not fabricated. The complete transcript was before the Court. The underlying factual position was supported by evidence independent of the challenged passages. No generative artificial intelligence produced the quotations. And when the Court called attention to the problem, Counsel did not attempt to defend the manner in which the quotations were presented. They, along with senior lawyers with K&L Gates, investigated what occurred, acknowledged the deficiencies, accepted responsibility, apologized to the Court, and addressed the circumstances that allowed them to occur. Where the Court's intervention has already produced the very corrective and deterrent effect contemplated by Rule 9011, an additional monetary sanction would serve no meaningful deterrent function.

For similar reasons, the record does not warrant referral for disciplinary proceedings. The record does not establish the knowing misconduct required by Rule 3.03, and the remedial purposes of Rule 9011 have already been achieved. Referral would therefore impose consequences far beyond what is necessary to address the conduct identified in the Show Cause Order, particularly for lawyers with exemplary records.

Accordingly, whether because the circumstances do not establish a sanctionable violation or, alternatively, because no sanction is necessary to deter recurrence, the Court should discharge the Show Cause Order without imposing monetary sanctions, awarding attorneys' fees, or referring Counsel for disciplinary proceedings.

## CONCLUSION

K&L Gates and Counsel appreciate the Court's consideration of this response. Mr. Wills, Mr. Peterson, and additional K&L Gates counsel plan to attend the November 18, 2026, hearing in person to respond the Court's concerns.

Dated: November 17, 2026.

Respectfully submitted,

**K&L GATES LLP**
*/s/ David Wills*
David Wills
State Bar No. 2412717
David.Wills@klgates.com
2828 N. Harwood Street, Suite 1800
Dallas, Texas 75201
(214) 939-5873 Telephone

Brian T. Peterson
*Pro Hac Vice Forthcoming*
Brian.Peterson@klgates.com
925 4th Avenue, Suite 2900
Seattle, WA 98104
(206) 623-7580

**COUNSEL FOR KRUGER PACKAGING LP**

**CERTIFICATE OF SERVICE**

This is to certify that on November 17, 2026, pursuant to L. Rule 9013-1(d)(2), a true and correct copy of the foregoing was served on all counsel of record via electronic filing.

*/s/ David Wills*
David Wills